1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11  Kensey Rankin, et al.,                    ) Case No. **CV 11-2087-VBF(RZx)**
                                              )
12              Plaintiff,                    )
                                              )
13      v.                                    ) **STANDING ORDER**
                                              )
14  CBS Broadcasting Inc.,                    )
                                              )
15              Defendants.                   )
                                              )
16  _____          )

17      This case has been assigned to the calendar of Judge Valerie Baker Fairbank.

18  Read this order carefully.  It controls this case and adds to the Local Rules in some

19  respects.  IT IS SO ORDERED:

20  1.    **SERVICE.**

21      Counsel for Plaintiff shall immediately serve this order on all parties.  If this

22  case was removed from state court, the defendant who removed the case shall

23  immediately serve this order on all other parties.

24  2.    **GENERAL MATTERS.**

25      a.    **Compliance with FRCP, Local Rules, and Standing Orders.**  At all

26  stages of the proceedings, the parties and counsel are expected to comply with the

27  Federal Rules of Civil Procedure ("FRCP"), Local Rules and this Court's orders.

28  Counsel are referred to the Court's website for further information regarding

1    procedures.  See www.cacd.uscourts.gov > Judges' Procedures and Schedules > Hon.

2    Valerie Baker Fairbank.  Counsel are further advised to review and adhere to the

3    Central District's Civility and Professionalism Guidelines.

4            b.      **Communications with Chambers.** Counsel shall not attempt to contact

5    the Court or chambers staff unless responding to an inquiry they initiated.  Counsel

6    may contact the courtroom deputy clerk with appropriate inquiries (213-894-0066).

7    To facilitate communication with the courtroom deputy clerk, counsel should list

8    their e-mail addresses, facsimile number, and telephone number on all papers.  See

9    L.R. 11-3.8.

10           c.      **Mandatory Chambers Copies.** Conformed mandatory chambers copies

11   of all papers filed with the Court, including those filed electronically, shall be

12   delivered on the next day of filing, by 12 noon,  to the drop box outside the Chambers

13   of Judge Valerie Baker Fairbank.  The Judge's Chambers are located at the end of the

14   hallway, past the courtroom**.**

15           d.      **Presence of Responsible Counsel.**  The attorney attending any

16   proceeding before this Court must be an attorney who is thoroughly knowledgeable

17   about the case, responsible for the conduct of the litigation, and who has authority to

18   enter into stipulations and to make admissions.

19           e.      **Telephonic Appearances.**   The Court believes it is productive for

20   counsel to appear personally at motion hearings and Scheduling Conferences.  An

21   attorney requesting a telephonic appearance should file and serve a written notice of

22   telephonic appearance at the earliest possible date, but no later than five days prior to

23   the scheduled hearing or conference, absent an emergency.

24   3.      **PARTIES' 26(f) PLANNING MEETING.**

25           Counsel shall adhere to FRCP 26.  No later than 14 days before the date of the

26   Scheduling Conference, counsel for all appearing parties and/or all unrepresented

27   appearing parties shall file a joint "Report of the Parties Planning Meeting." This

28

2

1  report shall address the subjects in Rule 26(f)(1) – (4) and the following:

2          a.      **Jurisdiction.** The basis for subject matter jurisdiction.

3          b.      **Claims and Defenses.** The report shall include a concise statement of

4  the factual and legal basis of the claims and defenses.

5          c.      **Discovery Cut-Off.** The report shall propose a date by which all

6  discovery shall be completed.  If the parties anticipate calling expert witnesses, they

7  shall propose a schedule for the completion of discovery directed at expert witnesses.

8          d.      **Trial Matters.** The report shall propose dates for the Final Pre-Trial

9  Conference and Trial; a realistic estimate of the number of court dates required to

10  present each side's case-in-chief; and whether trial is to be by jury or the Court.

11          e.      **Anticipated Problems.** The report shall address major procedural or

12  evidentiary problems, if any.

13          f.      **Settlement.** The report shall address prospects of settlement and

14  propose a date and procedure for compliance with Local Rule 16-15.

15  4.      **DISCOVERY.**

16          a.      **Compliance with Rule 26(a) & (f)**. The Court expects and orders that

17  counsel participate in the meeting required by Rule 26(f) as soon as possible, and that

18  initial disclosures be made promptly after that meeting and before the Scheduling

19  Conference set by the Court.  Rule 26(a)(1)(C).  Counsel are also directed to

20  commence discovery promptly after their Rule 26(f) meeting, and if possible, before

21  the Scheduling Conference.  Rule 26(d)(1).  It is advisable for counsel to begin

22  discovery and conduct it actively at the earliest possible time because they will have

23  limited time to complete discovery after the Court's Rule 26(f) Scheduling

24  Conference.  Early meeting, disclosure and discovery is particularly important in

25  certain cases such as class actions where Local Rule 23-3 requires that within 90 days

26  after service of a pleading purporting to commence a class action, the proponent shall

27  file a motion for certification, unless otherwise ordered by the Court.

28

1    b.    **Discovery Motions**.  All discovery disputes have been referred to the

2    assigned magistrate judge.  All discovery documents must include the words

3    "DISCOVERY MATTER" in the caption to ensure proper routing.  Counsel should

4    contact the magistrate judge's courtroom deputy clerk to schedule hearings.  Counsel

5    should not deliver courtesy copies of discovery-related documents to this Court.

6    5.    **EX PARTE APPLICATIONS.**

7        Ex parte applications are solely for extraordinary relief and are rarely justified.

8    See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488

9    (C.D. Cal. 1995).  Applications must be filed in the Clerk's office.  Ex parte

10   applications are normally considered on the papers.  Applications that fail to conform

11   to Local Rules 7-19 and 7-19.1, including a statement of opposing counsel's position,

12   will not be considered except on a specific showing of good cause.

13       In addition to the requirements of Local Rules 7-19 and 7-19.1, the moving

14   party shall, following service of the ex parte papers by facsimile transmission or

15   personal service, notify the opposition that opposing papers must be filed no later

16   than twenty-four hours (1 court day) following service, except in cases where the

17   opposing party has not previously appeared (i.e. responded to the Complaint).  In

18   those cases where the opposing party has not previously appeared, the moving party

19   shall, following service of the ex parte papers by facsimile or personal service, notify

20   the opposition that opposing papers must be filed no later than forty-eight hours (2

21   court days) following service.

22   6.    **CASES REMOVED FROM STATE COURT**.

23       All documents filed in state court, including documents appended to the

24   complaint, answers and motions, must be refiled in this Court as a supplement to the

25   notice of removal, if not already included.  See 28 U.S.C. § 1447(a) and (b).  If,

26   before the case was removed, a motion was pending in state court, it must be

27   re-noticed in accordance with Local Rule 7.  If an action removed to this Court

28

4

1  contains a form pleading, i.e. a pleading in which boxes are checked, the party or

2  parties that filed the form pleading must file an appropriate pleading with this Court

3  within 30 days of receipt of the notice of removal.

4  7.    **PATENT CASES.**

5      With minor modifications, the Court follows the Northern District of

6  California Patent Local Rules (version effective 3/1/2008) in all patent cases.

7  Counsel are referred to the Court's website for more information and a modified copy

8  of the Rules.  See www.cacd.uscourts.gov > Judges' Procedures and Schedules >

9  Hon. Valerie Baker Fairbank.

10  8.    **FICTITIOUSLY NAMED DEFENDANTS.**

11      This Court adheres to the following procedures when a matter is removed to

12  this Court on diversity grounds with fictitiously named defendants referred to in the

13  complaint.  See 28 U.S.C. §§ 1441(a) and 1447.  Plaintiff shall ascertain the identity

14  of and serve any fictitiously named defendants before the Scheduling Conference.

15  Doe defendants not served by the date of the Scheduling Conference will be deemed

16  dismissed.

17  9.    **GENERAL MOTION REQUIREMENTS.**

18      a.    **Time for Hearing Motions**.  Motions shall be filed in accordance with

19  Local Rule 7.  Motion dates need not be reserved in advance.  This Court hears

20  motions on Mondays at 1:30 p.m.

21      b.    **Pre-filing Requirement**.  Counsel must comply with Local Rule 7-3,

22  which requires counsel to engage in a pre-filing conference "to discuss thoroughly ...

23  the substance of the contemplated motion and any potential resolution."

24      c.    **Length and Format of Motion Papers**.  Memoranda of points and

25  authorities in support of or in opposition to motions shall not exceed 25 pages.

26  Replies shall not exceed 12 pages.  Only in rare instances and for good cause will the

27  Court grant an application to extend these page limitations.  If documentary evidence

28

1   in support of or in opposition to a motion exceeds 50 pages, the Court's mandatory

2   chambers copy of all evidence shall be placed in a binder, including a Table of

3   Contents, with each item of evidence separated by a tab divider.  Typeface shall

4   comply with Local Rule 11-3.1.1.  Footnotes shall be in typeface no less than one

5   size smaller than text size.

6        d.     **Calendar Conflicts**.  Counsel are to inform opposing counsel and the

7   courtroom deputy clerk as soon as a potential calendar conflict is discovered.

8   Counsel should attempt to agree on a proposed date to accommodate the calendar

9   conflict and the schedules of the counsel and the Court.

10       e.     **Requests to Take Matters Off-Calendar.**  Requests to continue a

11  motion or to take it off-calendar must be communicated to the courtroom deputy

12  clerk as soon as possible.  For example, if a case settles, the courtroom deputy clerk

13  should be notified immediately so as to avoid the waste of judicial time and

14  resources.

15  10.  **SPECIFIC MOTION REQUIREMENTS.**

16       a.     **Motions Pursuant to Rule 12**.  Many motions to dismiss or to strike

17  can be avoided if the parties confer in good faith, especially for perceived defects in a

18  complaint, answer or counterclaim that could be corrected by amendment.  Moreover,

19  a party has the right to amend the complaint "once as a matter of course" before a

20  responsive pleading is served.  FRCP 15(a)(1).  A Rule 12(b)(6) motion is not a

21  responsive pleading and therefore plaintiff might have a right to amend.  See St.

22  Michael's Convalescent Hospital v. California, 643 F.2d 1369, 1374 (9th Cir. 1981).

23  Even after a complaint has been amended or a responsive pleading has been served,

24  the Federal Rules provide that leave to amend should be freely given "when justice so

25  requires."  FRCP 15(a)(2).  These principles require that plaintiff's counsel should

26  carefully evaluate defendant's contentions as to the deficiencies in the complaint and

27  the moving party should agree to any amendment that would cure the defect.

28

1      b. **Applications and Stipulations to Extend Time.**  Applications to

2    extend the time to file any required document or to continue any hearing, Final

3    Pre-Trial Conference or Trial must set forth: (1) the existing due date or hearing date,

4    as well as the discovery cut-off date, the Final Pre-Trial Conference date, and the

5    Trial date; (2) specific, concrete reasons showing good cause for the extension; and

6    (3) whether there have been prior requests for extensions and whether these requests

7    were granted or denied by the Court.

8      c. **Submission of Documents for Judge's Signature to Chambers via**

9    **Email.**  All applications and stipulations shall be accompanied by a proposed order.

10   After the application/stipulation and proposed order have been filed electronically,

11   counsel shall email the PDF version of the application/stipulation and a WordPerfect

12   or Microsoft Word version of the proposed order to chambers at

13   vbf_chambers@cacd.uscourts.gov.  The subject line of the email should include the

14   case name and case number.

15

16   DATED: March 14, 2011

          *Valerie Baker Fairbank*

17             VALERIE BAKER FAIRBANK
          United States District Judge

18

19

20

21

22

23

24

25

26

27

28